O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER Z., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 5:22-cv-02079-KES <br><br> MEMORANDUM OPINION AND ORDER |

**I.**

**INTRODUCTION**

On November 23, 2022, Plaintiff Javier Z. ("Plaintiff") filed a Complaint for review of denial of social security disability benefits. (Dkt. 1.) Plaintiff filed Plaintiff's Brief ("PB") under the Rule 6 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g). (Dkt. 14.) Defendant filed a responding Commissioner's Brief ("CB") under the Rule 7. (Dkt. 17.) Plaintiff filed a reply brief ("PRB") on June 9, 2023. (Dkt. 18.)

For the reasons stated below, Plaintiff's motion for remand is GRANTED.

## II.

## BACKGROUND

In June 2020, Plaintiff applied for Title II Disability Insurance Benefits alleging a disability onset date of April 20, 2012, due to an industrial accident. Administrative Record ("AR") 21, 158-75. On September 21, 2021, an Administrative Law Judge ("ALJ") conducted a telephonic hearing at which Plaintiff, who was represented by counsel, appeared and testified with the assistance of an interpreter, along with a vocational expert ("VE"). AR 38-62.

On November 29, 2021, the ALJ issued an unfavorable decision. AR 21-33. First, the ALJ determined that Plaintiff's last date insured ("LDI") was December 31, 2017, such that Plaintiff needed to establish disability on or before that date. AR 22. He had not engaged in substantial gainful activity from April 2012 through December 2017. AR 23.

Next, the ALJ determined that through his LDI, Plaintiff suffered from the severe, medically determinable impairments ("MDIs") of "degenerative disc disease; degenerative joint disease right shoulder; tendonitis right elbow; degenerative joint disease right knee; and umbilical hernia." AR 24. The ALJ found that Plaintiff's impairments of gastroesophageal reflux disease, irritable bowel syndrome, sleep apnea, and adjustment disorder with depression/anxiety were not severe. AR 24-25.

To determine Plaintiff's residual functional capacity ("RFC"), the ALJ considered Plaintiff's testimony about the limiting effects of his symptoms (AR 27) as well as Plaintiff's medical records (AR 28-29). The ALJ also considered the medical opinion evidence. AR 29-31. The ALJ found that despite Plaintiff's MDIs, he had the RFC to perform light work with additional limitations including (1) occasionally[1] pushing/pulling with his arms; (2) occasionally performing

---

[1] In the context of social security claims, "occasionally" means up to 1/3 of

postural activities; (3) frequently reaching with his dominate right arm; (4) never climbing ladders, ropes, or scaffolds; and (5) never working in hazardous environments.  AR 26-27.

The ALJ found that Plaintiff could no longer perform his past relevant work as a metalizing supervisor or metal finisher.  AR 31.  Plaintiff had, however, acquired skills from those jobs involving metal working.  AR 31.  Based on the RFC findings, the VE's testimony, and other evidence, the ALJ found that Plaintiff could work as a metal finish inspector (Dictionary of Occupational Titles ["DOT"] 703.687-014), metal sander and finisher (DOT 705.687-018), and Hand I blocker (DOT 580.684-010).  AR 26-27.  The ALJ concluded that Plaintiff was not disabled.  AR 32-33.

## III.
## ISSUES PRESENTED

<u>Issue One</u>:  Whether the ALJ "failed to provide clear, convincing, and well-supported reasons for rejecting Plaintiff's allegations of physical pain and dysfunction."  (PB at 5.)

<u>Issue Two</u>:  Whether the ALJ erred by failing to evaluate the medical opinions from Pedram Navab, D.O., and Ted Tribble, Psy.D.  (PB at 5.)

<u>Issue Three</u>:  Whether the ALJ failed to properly evaluate the medical opinions from Zenia Cortes, M.D., and Scott Small, D.O.  (PB at 5.)

## IV.
## DISCUSSION

A.   **ISSUE ONE: Plaintiff's Symptom Testimony.**

  1.   **Relevant Law.**

The ALJ engages in a two-step analysis to evaluate a claimant's subjective

---

the workday, while "frequently" means up to 2/3 of the workday.  Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *5-*6.

symptom testimony. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036. If so, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only by making specific findings that support the conclusion. Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014). Unless an ALJ finds that a claimant is malingering or has failed to provide objective medical evidence in support of his or her testimony, an ALJ must provide clear and convincing reasons for rejecting a claimant's subjective testimony about the severity of experienced symptoms. Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015). While one reason for discrediting symptom testimony can be the lack of supporting or consistent objective medical evidence, that cannot be the sole reason. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). The district court may review only those reasons given by the ALJ and may not affirm an ALJ's decision to discredit symptom testimony on grounds upon which the ALJ did not rely. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014).

**2. The ALJ's Evaluation of Plaintiff's Testimony.**

After summarizing Plaintiff's testimony, the ALJ found that while Plaintiff's MDIs "could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 27. The ALJ then summarized the medical evidence under the heading "Medical Evidence." AR 27-

28. At the end of that summary, the ALJ wrote in a concluding paragraph that he had determined Plaintiff's RFC after considering certain listed facts from the medical evidence, Plaintiff's "subjective complaints and [his] activities of daily living." AR 29. The ALJ noted that the RFC did not need "greater or additional limitations" because listed medical evidence showed "normal" or "intact" physical functioning. AR 29.

### 3. Summary of the Parties' Arguments.

Plaintiff contends that the ALJ's summary of the medical evidence does not clearly set forth a reason for rejecting Plaintiff's symptom testimony. Plaintiff further contends that even if the ALJ's concluding paragraph was intended to set forth and support one reason (i.e., the lack of supporting objective evidence), that one reason is not enough. (PB at 11-12.)

Defendant counters that ALJ gave two reasons: (1) lack of supporting objective evidence and (2) improvement following a conservative course of treatment. (CB at 8.) As evidence that the ALJ actually gave this second reason, Defendant points to the ALJ's reference in the concluding paragraph to Plaintiff's "positive response to chiropractic care." AR 29. Defendant notes that on the preceding page, the ALJ summarized treating records that include a reference to improvement with chiropractic treatment, as follows:

> The claimant was treated with injections, medication, chiropractic treatment, extracorporeal shockwave therapy, a right knee brace, and LSO brace (Exhibit 3F/30/40/136/149/150/151; 7F/26; 8F). Additionally, in November 2012, the claimant reported that he was using a one point cane/walker/and was in a wheelchair (Exhibit 3F/83). The claimant reported improvement in his neck due to medication and improvement in his lower back due to chiropractic care (Exhibit 3F/136/137 [AR 599-600]). The claimant also declined surgical intervention for his right shoulder in March 2013 (Exhibit

> 3F/79). In February 2014, the claimant underwent surgery on his
> right shoulder, and also underwent surgery on his right elbow in
> October 2014 (Exhibit 5F/215). Additionally, the claimant
> underwent a second right shoulder surgery and right knee arthroscopy
> in 2016 (Exhibit 8F).

AR 28.

Plaintiff replies that the ALJ did not identify positive response to conservative care as a clear and convincing reason for discounting his testimony. (PRB at 4.) Even if the ALJ's decision is interpreted as providing this reason, it lacks substantial evidentiary support, because the records cited by the ALJ and the medical evidence generally show that Plaintiff did not experience material improvement due to chiropractic care. (PRB at 5.)

**4.  Analysis.**

Other than the lack of supporting objective medical evidence, the Court does not see a second reason in the ALJ's written decision for discounting Plaintiff's symptom testimony. If the ALJ meant to rely on Plaintiff's positive response to conservative treatment, then the ALJ failed to indicate that sufficiently clearly in his written decision. The ALJ never used the words "conservative treatment." The above-quoted paragraph in which the ALJ mentions some lower-back pain improvement due to chiropractic care also mentions multiple surgeries and Plaintiff's use of a wheelchair. The ALJ acknowledged that Plaintiff's physical examinations at various times revealed lumbar pain and degenerative spinal changes. AR 28.

The medical records cited by the ALJ as evidence of improvement with chiropractic care (AR 599-600) do not contradict Plaintiff's symptom testimony. The cited records are part of a workers' compensation January 2014 Qualified Medical Re-Evaluation that summarizes Plaintiff's earlier treatment. AR 586. The summarized records date from January and February 2013 and do say that

Plaintiff's "lower back complaints have improved 25 to 50% due to chiropractic." AR 599-600. The January 2013 record, however, also reports that Plaintiff was still experiencing pain rated 7/10, felt his condition was "worse overall," and was awaiting hernia surgery. AR 599. In February 2013, Plaintiff reported that he felt the "same overall" as in January 2013, which included pain in many body parts in addition to his lower back. AR 599-600. Plaintiff reported that immediately after his industrial accident in April 2012, he received "chiropractic treatment with Dr. Rodriguez, twice a week, with partial and temporary benefit noted for a few hours." AR 600. By 2014, however, he was still complaining of lower back pain and was diagnosed with conditions including "lumbar spine disc herniation." AR 587. In sum, the cited records do not show a positive response to conservative treatment that undermines Plaintiff's testimony about the limiting effects of his pain.

Ultimately, the Court can discern neither a second specific, clear, and convincing reason stated in the ALJ's decision for discrediting Plaintiff's symptom testimony nor the evidence on which the ALJ relied to support that reason.

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that Judgment be entered VACATING the decision of the Commissioner denying benefits and REMANDING this case for further administrative proceedings. On remand, the ALJ may wish to consider Plaintiff's other claims of error.

DATED: June 12, 2023

_____
KAREN E. SCOTT
United States Magistrate Judge